Fuld, J. (dissenting).
I agree with the Chief Judge as to the impact of section 51 of the General Municipal Law, but I *208 believe — as the unanimous Appellate Division did—that section 66 of the Public Officers Law also gives a member of the public, including a newspaper, the right to inspect the Authority’s books and records. As we wrote in Matter of New York Post Corp. v. Leibowitz (2 N Y 2d 677, 685-686), which also dealt with section 66, “ In construing statutory provisions, the spirit and purpose of the statute and the objectives sought to be accomplished by the legislature must be borne in mind. * * * Turning to section 66 of the Public Officers Law, the provision before us, there is no doubt that it expresses a strong legislative policy to make available to public inspection and access all records or other papers kept ‘ in a public office, ’ at least where secrecy is not enjoined by statute or rule. Effectuation of the policy in favor of full publicity accordingly demands the broadest possible interpretation of the scope and content of that section, so far as some overriding consideration of policy does not forbid.”
The public is entitled to know how a public office, be it denominated a Department of State Government, a Commission or an Authority, is functioning and carrying on its affairs. We should not strain to insulate such an office from those whom it is set up to serve. As long as the inspection sought by the petitioner will not upset or interfere with the work of the office, it should not be denied.
I do not read Benz v. New York State Thruway Auth. (9NY 2d 486) as “ expressive of a constitutional and legislative policy that public authorities should be subjected only to those procedures which have been specifically mandated”. The Benz case did no more than hold that the Court of Claims has exclusive jurisdiction of actions brought against the Thruway Authority and, since that was so, the court could not entertain a suit against the Authority, sounding in equity, for rescission or reformation of one of its contracts. As a matter of fact, I suggest that the Benz decision points up the “ public office ” character of the Authority since it is treated so much like the State itself that it may be sued only in the Court of Claims.
All must agree that section 66 may, as a matter of construction, be reasonably read to require the Authority to submit its papers to public examination and inspection. I recognize that, in the final analysis, our decision turns on considerations of policy and *209 I perceive none which stand in the way of the desired examination and inspection.
I would, therefore, affirm the order of the Appellate Division.
Judges Dye, Froessel, Van Voorhis and Foster concur with Judge Burke ; Chief Judge Desmond and Judge Fuld dissent in separate opinions in each of which the other concurs.
Order reversed, etc.